UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **09-CV-82378-Marra-Johnson**

LAETITIA LAMALLE-DONAGHY,
individually,

    Plaintiff,

v.

FIRSTSOURCE ADVANTAGE, LLC,
a foreign limited liability company,

    Defendant.
_____/

FILED by _VT_ D.C.
ELECTRONIC

**Dec. 4, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
## JURY DEMAND

1.  Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in violation of the TCPA and with such frequency that it violates the FDCPA and the FCCPA; consequently, Plaintiff seeks injunctive relief in accordance with both the FCCPA and the TCPA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, LAETITIA LAMALLE-DONAGHY, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4. Defendant, FIRSTSOURCE ADVANTAGE, LLC ("FIRSTSOURCE") is a foreign limited liability company, a citizen of the State of New York, engaged in the practice of debt collection, with its principal place of business at 205 Bryant Woods South, Amherst, New York 14228.

5. Defendant regularly uses the mail and telephone in a business for the purpose of the collection of consumer debts.

6. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

7. Defendant regularly collects or attempts to collect debts for other parties; they are a "debt collector" as that term is defined in the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995).

8. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

9. The instant lawsuit stems from the telephonic collection efforts of FIRSTSOURCE from approximately May 2009 to August 2009.

10. That Defendant sought to collect an alleged consumer debt from Plaintiff and called Plaintiff's cellular telephone more than fifty (50) times in an effort to collect said debt; on several occasions FIRSTSOURCE called Plaintiff's cellular telephone more than three times in one day.

11. That Defendant called Plaintiff's cellular telephone on dozens of occasions, including but not limited to the following dates: (1) May 1, 2009; (2) June 2, 2009; (3) June 8, 2009; (4) June 15, 2009; (5) June 19, 2009 – **seven calls**; (6) June 20, 2009 – **three calls**; (7) June 21, 2009 – two calls; (8) June 22, 2009 – **six calls**; (9) June 23, 2009 – **eight calls**; (10) June 24, 2009 – **four calls**; (11) July

3

1, 2009 – **five calls**; (12) July 8, 2009 – **three calls**; (13) July 14, 2009; (14) July 23, 2009; (15) July 24, 2009; (16) July 31, 2009; (17) August 2, 2009; (18) August 3, 2009; (19) August 11, 2009; (20) August 13, 2009; (21) August 15, 2009; and (22) August 17, 2009.

12. Plaintiff maintains that FIRSTSOURCE's attempt to collect the alleged debt, including but not limited to the large volume of telephone calls unlawfully made to Plaintiff's cellular telephone, violated the FDCPA, the FCCPA and the TCPA.

13. That Defendant made telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and made without the prior express consent of Plaintiff.

14. That none of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

15. That Defendant either willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLLECTION PRACTICES ACT

16. Plaintiff incorporates Paragraphs 1 through 15.

17. Defendant violated the Fair Debt Collection Practices Act by engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C § 1692d, repeated or continuous calling in violation of 15 U.S.C. § 1692d(5), and by engaging in an unfair or unconscionable practice

4

in violation of 15 U.S.C § 1692f by their actions taken against Plaintiff, including but not limited to FIRSTSOURCE's incessant calling in regard to an alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates Paragraphs 1 through 15.

19. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's residential telephone, which were initiated by an automatic telephone dialing system and not legally permitted under any provision to the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages for each violation of the TCPA;

    b.    Statutory damages for each knowing or willful violation of the TCPA;

5

    c.    A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

    d.    Attorney's fees, litigation expenses and costs of the instant suit; and

    e.    Such other or further relief as the Court deems proper.

## COUNT III
## DECLARATORY RELIEF AND PERMANENT INJUNCTION UNDER THE FLORIDA CONSUMER COLLLECTION PRACTICES ACT

20. Plaintiff incorporates Paragraphs 1 through 15.

21. Pursuant to 28 U.S.C §§ 2201, 2202, and Florida law, Plaintiff seeks a declaration that Defendants practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which regulates repeated or continuous calling regarding consumer debts.

22. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

23. Plaintiff seeks a permanent injunction prohibiting Defendant and any other party from calling Plaintiff regarding the alleged debt.

6

WHEREFORE, PLAINTIFF requests that the Court enter judgment:

    a.    Declaring that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7);

    b.    Permanently enjoining Defendant and any other parties from calling Plaintiff regarding the alleged debt;

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 2ND day of December, 2009.

        SCOTT D. OWENS, ESQ.
        Attorney for Plaintiff
        Cohen & Owens, P.A.
        3801 Hollywood Blvd., Suite 200
        Hollywood, Florida 33021
        Telephone: 954-923-3801
        Facsimile: 954-967-2791
        scott@cohenowens.com

        By: _____
        Scott D. Owens, Esq.
        Florida Bar No. 0597651

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
LAETITIA LAMALLE-DONAGHY, individually

**(b)** County of Residence of First Listed Plaintiff: Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Scott D. Owens, Esq./COHEN & OWENS, P.A.
3801 Hollywood Boulevard, Suite 200, Hollywood, FL 33021
Phone: 954-923-3801

## DEFENDANTS
FIRSTSOURCE ADVANTAGE, LLC

County of Residence of First Listed Defendant: Erie County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:09CV82378-KAM-Johnson

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO       b) Related Cases ☐ YES ☒ NO
JUDGE                                                                      DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
FDCPA Violation

LENGTH OF TRIAL via 1 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 12/2/09

FOR OFFICE USE ONLY
AMOUNT 350.00  RECEIPT # 548246  IFP